IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03223-BNB

JAMES RUDNICK

      Applicant,

v.

WARDEN JAMES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, James Rudnick, is a prisoner in the custody of the Colorado

Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr.

Rudnick has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 (ECF No. 1).  He is challenging the validity of his Colorado conviction and

sentence in case number 91CR2236 from the District Court, City and County of Denver,

Colorado.  Mr. Rudnick has been granted leave to proceed pursuant to 28 U.S.C. §

1915.

On November 26, 2013, Magistrate Judge Boyd N. Boland directed Respondents

to file a pre-answer response limited to addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A) (ECF No. 8).  Respondents filed the Pre-Answer Response

(ECF No. 12) on December 16, 2013.  Although Mr. Rudnick did not file a reply, he

submitted two documents entitled "Judicial Notice" (ECF Nos. 13 and 15) on December

27, 2013 and January 31, 2014, respectively, and a Motion Requesting Court Leave to

Amend and Supplement Habeas Corpus Application (ECF No. 16) on February 6, 2014.

The Court must construe Mr. Rudnick's Application liberally because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will dismiss the action as barred by the one-year limitation period

under 28 U.S.C. § 2244(d)(1).

In 1992, a jury found Mr. Rudnick guilty of first-degree (deliberative) murder,

attempted first-degree (deliberative) murder, and two counts of first-degree assault.

(ECF No. 1, at 15; No. 12-1, at 11; No. 12-4, at 3.)  The trial court imposed a life

sentence for the murder conviction, a consecutive eighteen-year term for the attempted

murder conviction, and a concurrent four-year sentence for the assault convictions.

(ECF No. 1, at 15; No. 12-1, at 12; No. 12-4, at 3.)  Mr. Rudnick filed a direct appeal,

and on December 30, 1993, the Colorado Court of Appeals affirmed his conviction in a

published opinion, *People v. Rudnick,* 878 P.2d 16 (Colo. App. 1993).  (ECF No. 12-4,

at 3; ECF No. 12-8.)  On August, 8, 1994, the Colorado Supreme Court denied

certiorari.  (ECF No. 12-4, at 3.)

According to the record before the Court, Mr. Rudnick did not submit any filings

in the state district court until December 2, 1997, when he submitted a letter.  (ECF No.

12-1, at 7.)  On December 12, 1997, Mr. Rudnick filed a motion to "waive restitution and

fines."  (*Id.*)  The state district court apparently denied the motion, and Mr. Rudnick

sought reconsideration of the denial on January 29, 1998.  (*Id.*)  The record does not

show that the motion to reconsider was resolved.

Mr. Rudnick filed his first motion for post-conviction relief on July 30, 2004.  (ECF No. 12-1, at 7.)  The record does not show that this motion was resolved.  Nearly six years later, on March 8, 2010, Mr. Rudnick filed a second motion for post-conviction relief under Rule 35(c).  (*Id.*, at 6.)  The court denied the motion on August 26, 2010, and Mr. Rudnick appealed the decision.  (*Id.*; No. 12-5.)  On April 19, 2012, the Colorado Court of Appeals affirmed the state district court's order denying the Rule 35(c) motion for post-conviction relief.  (ECF No. 12-4.)  Mr. Rudnick sought certiorari review, which was denied on November 27, 2012.  (ECF No. 1, at 16.)

Mr. Rudnick initiated the instant habeas corpus action on November 25, 2013. He asserts three claims with numerous subparts within each claim.  Claim one contends that the trial court lacked jurisdiction because (a) he was arrested and charged without any grand jury process; (b) his arraignment was untimely; (c) the charges were amended twice before arraignment and without additional notice; and (d) his waiver of his right to a speedy trial was improper due to the expiration of the deadline prior to his waiver.  Claim two asserts ineffective assistance of counsel, and he contends that there were 250 related issues, including the following: defense counsel (a) revealed privileged statements and evidence to the prosecution; (b) failed to protect his constitutional rights to an arraignment, grand jury, and speedy trial; (c) was ill-prepared for trial; (d) failed to present a plea deal from the prosecution; and (e) was ineffective during pre-trial proceedings[1] and at trial.[2]  Claim three asserts a violation of due process and equal

---

[1]Applicant lists the following grounds for ineffective assistance of counsel during pre-trial proceedings: counsel failed to (a) object to or suppress wrongly seized

protection alleging that the cumulative effect of the jurisdictional problems and ineffective assistance of counsel prevented (a) a full and fair hearing at trial; (b) adequate development of material facts; and (c) confidence in the jury verdict.

As noted above, Mr. Rudnick recently filed a motion for leave to amend and supplement the Application, which includes the following claims: (a) due process violation for the state district court's "unconstitutional 'changes of sentence' on public and official documentation;" (b) actual innocence claim "under natural right of self-defense and the unconstitutional District Court restrictions preventing fair and accurate presentation of 'justifiable circumstances,' or 'assumption of risk' and 'voluntary exposure to danger' instruction;" (c) equal protection and due process violation for "unconstitutional [flawed] jury process" due to "improper exposure to corrupt evidence and lack of instructions;" (d) "attorney violation of contract" resulting in "unconstitutional [due process violation] conviction" where counsel breached "attorney/client privilege" and "switched sides to benefit the prosecution;" and (e) "speedy trial jurisdiction violation" (ECF No. 16, at 1-2).

Respondents argue that the Application is untimely.  Respondents also assert that claim one is either not cognizable or is anticipatorily defaulted; claim two is partially

---

evidence; (b) object to or suppress ineligible witness; (c) demand specification of all charges; and (d) present prejudice from previous counsel errors.

[2]Applicants lists the following grounds for ineffective assistance of counsel during trial: counsel failed to (a) challenge Brady and Rule 16 violations – lost evidence; (b) challenge witness eligibility; (c) challenge bogus prior acts and Court/prosecution conduct; (d) consult specialists; (e) challenge judicial conduct; (f) challenge D.A.'s use of photos and created evidence; (g) conduct proper jury selection; (h) challenge jury instructions; (i) offer exculpatory information; and (j) represent effectively at sentencing and allocution.

4

exhausted, partially unexhausted, and partially inadequately pleaded; and claim three is inadequately pleaded or, in the alternative and assuming claim three alleges a cognizable constitutional violation, is partially exhausted and partially defaulted. Respondents have not addressed the claims in the motion to amend and supplement because Mr. Rudnick sought to raise those claims after the Pre-Answer Response was filed.

The Court first will address the timeliness argument.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation for federal habeas petitions by state prisoners. Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In general, a conviction becomes final "after the United States Supreme Court has denied review" of a decision by the state court of last resort, or, "if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Here, Mr. Rudnick did not file a petition for certiorari with the United States Supreme Court, and thus his conviction became final on November 6, 1994, when the deadline to seek review with the Supreme Court had passed.

Mr. Rudnick's conviction became final before April 24, 1996, the effective date of the AEDPA. Consequently, the Court finds that the one-year limitation period began to run on April 24, 1996. *See Hoggro v. Boone,* 150 F.3d 1223, 1225 (10th Cir. 1998) (holding that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations does not begin to run until April 24, 1996). Moreover, Mr. Rudnick does not allege or argue that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

6

Mr. Rudnick did not initiate this action by April 24, 1997, the one-year anniversary of the date upon which the AEDPA limitation period expired. *See United States v. Hurst,* 322 F.3d 1256, 1259-61 (10th Cir. 2003)  Therefore, the Court next must determine whether the one-year limitation period was tolled for any period.  Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  *See also Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000).  An application for post-conviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a post-conviction motion is pending is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could

have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, Mr. Rudnick's limitations period began to run on April 24, 1996, and

continued unabated until it expired a year later on April 24, 1997. *See Hurst*, 322 F.3d

at 1259-61 (one-year limitations period ends on the one-year anniversary of the date

upon which the period began to run). The state court registry for case number

91CR2236 shows that Mr. Rudnick did not file any motions during this period. (ECF No.

12-1 at 7). His first motion for post-conviction relief was not filed until July 30, 2004,

more than seven years after the one-year limitation period had expired. (*Id.*). Even

assuming that Mr. Rudnick's motion to waive restitution and fines, filed on December

12, 1997, raised post-conviction claims, this filing also was outside the AEDPA

limitations period. (*Id.*).

Moreover, even if Mr. Rudnick implicitly argues that the time limitation should be

tolled until November 27, 2012, the date his state post-conviction proceedings

terminated, Mr. Rudnick's application for state post-conviction relief was not filed until

March 8, 2010, well beyond the one year allowed by AEDPA. *See Clark v. Oklahoma,*

468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed

within the one year allowed by AEDPA will toll the statute of limitations."). Accordingly,

this Court finds that Mr. Rudnick's post-conviction motions did not toll the limitations

period because it already had expired before he filed any motions. *See id.; see also*

*Hudson v. Miller,* — Fed. Appx. —, 2013 WL 5651282, at *2 (10th Cir. Oct. 17, 2013)

(state proceedings filed after the one-year period, even if they comply with state

procedural requirements, do not extend the time to file a § 2254 petition in federal

court). Therefore, the Application is untimely in the absence of some other reason to toll

8

the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, ----, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not

9

presented at trial." *Schlup*, 513 U.S. at 324.  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id*. at 324.  Applicant's ignorance of the law does not justify the extraordinary remedy of equitable tolling.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Hallcy v. Milyard*, 387 F. App'x 858, 860 (10th Cir. 2010).

Here, Mr. Rudnick does not specifically contend that the one-year limitation should be tolled for equitable reasons.  In the December 27, 2013 filing entitled "Judicial Notice," Mr. Rudnick contends that his "sentence mittimus" contains errors, including the addition of "terms to serve" and "descriptions."  (ECF No. 13, at 1.)  He further argues that he has been prejudiced by the alleged inaccuracies, which are "partially relevant to the issues to be presented" in his habeas application. (*Id.*, at 2.)  He complains that the Response has "made reference to 'specifics' found on the [mittimus]" and therefore, his Application "cannot be fairly processed."  (*Id.,* at 2-3.)  Even assuming that this argument was intended to assert a justification for equitable tolling, Mr. Rudnick fails to demonstrate how the alleged inaccuracies were an extraordinary circumstance that stood in his way and prevented him from filing in a timely manner.  *Pace*, 544 U.S. at 418; *see Miller,* 141 F.3d at 978.  He also fails to make any connection between alleged errors in "charges, terms, costs, and acquittals" in the mittimus and his claims of jurisdictional problems and ineffective assistance of counsel in the habeas application.

Additionally, in the January 31, 2014 filing entitled "Judicial Notice," Mr. Rudnick also asserts for the first time that he is "supplementing his federal application for habeas

10

corpus with a claim of actual innocence under the law and constitution and natural right."  (ECF No. 15, at 3).  Mr. Rudnick again asserts the addition of an actual innocence claim in his motion to amend and supplement the application.  (ECF No. 16, at 2).  Mr. Rudnick, however, offers no factual allegations or evidence to support his claim of actual innocence.  *See Schlup*, 513 U.S. at 324 (explaining that a credible claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.").  Moreover, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110; *see also Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992).

Accordingly, Mr. Rudnick has failed to assert any credible or convincing reason for this Court to toll the one-year limitation period.  Therefore, under § 2244(d), Mr. Rundick is time-barred from filing a federal habeas corpus action in this Court.  Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Rudnick has exhausted state court remedies or procedurally defaulted his claims.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Rudnick files a notice of appeal he must also pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions, including the Petition for

Reconsideration of Request for Appointment of Counsel to Assist in Petitioner's Habeas

Corpus Application and Processing (ECF No. 17), are denied as moot.

DATED at Denver, Colorado, this __14th__ day of __February__, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

13